# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROBERT E. VAHLE**                                                              **PLAINTIFF**

**v.**                                           **Civil No. 1:24-cv-147-HSO-BWR**

**CHOICE HOTELS,** *doing business*
*as Comfort Inn & Suites*                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF ROBERT E. VAHLE'S MOTION [2] TO REMAND

BEFORE THE COURT is Plaintiff Robert E. Vahle's Motion [2] to Remand, which seeks remand of this case to the Circuit Court of Harrison County, Mississippi, Second Judicial District. The Court, having reviewed the pleadings, the parties' submissions, the Notice [1] of Removal, and relevant legal authority, finds that the Motion [2] to Remand should be denied.

### I. BACKGROUND

This suit arises out of an alleged slip and fall accident that occurred in a motel room shower owned by Defendant Choice Hotels, doing business as Comfort Inn & Suites ("Defendant"). Complaint [1-1] at 1-2. Plaintiff Robert E. Vahle ("Plaintiff") asserts that, due to the "slippery condition of the shower and the lack of handrails and a mat[,]" the shower "constituted an unsafe and dangerous condition" of which Defendant had prior knowledge. *Id.* at 2. Plaintiff claims this "unsafe and dangerous condition" caused him to slip, fall, and fracture his forearm. *Id.* at 2-3. He alleges that he "has been caused to suffer serious permanent past, present and future physical and mental pain and suffering, past, present and future medical

expenses, temporary and permanent disability and past, present and future loss of wages." *Id.* at 3.

Plaintiff filed suit in the Circuit Court of Harrison County, Mississippi, Second Judicial District, and served process on Defendant on April 16, 2024. Not. [1] at 1-2; *see also* Compl. [1-1]. On May 14, 2024, Defendant removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Not. [1]. Plaintiff then filed the instant Motion [2] to Remand, *see* Mot. [2], which is fully briefed, *see* Resp. [4]; Mem. [5].[1]

The parties do not contest diversity of citizenship.[2] *See generally* Mot. [2]; Resp. [4]; Mem. [5]. Instead, Plaintiff contends that the amount in controversy does not exceed $75,000.00. Mot. [2] at 2. To support his argument, Plaintiff relies upon his counsel's post-removal email to Defendant's counsel, which stated that Plaintiff suffered minor injuries and that his "damages are much less than $75,000.00." *Id.* at 3; *see also* Ex. [2-1] at 1. Defendant counters that Plaintiff cannot amend his Complaint [1-1] post-removal to lower the amount in controversy, and the Court may only look to the face of the Complaint [1-1] to determine whether the damages sought by Plaintiff at the time of removal met the jurisdictional threshold. Mem. [5] at 2-3. Defendant maintains that, because the permanent and severe damages alleged by the Complaint [1-1] stated a claim in excess of $75,000.00, the Court should deny the Motion [2] to Remand. *Id.*

---

[1] Plaintiff did not file a rebuttal, and the time for doing so has long passed. *See* L.U. Civ. R. 7(b)(4).
[2] "Plaintiff, Robert E. Vahle, is an adult resident citizen of the State of Tennessee." Compl. [1-1] at 1. "[Defendant] is a foreign corporation which [was] incorporated in the State of Delaware, and has its principal place of business located in Maryland . . . ." Not. [1] at 2.

## II.  DISCUSSION

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "When a complaint alleges an unspecified amount of damages, the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Services, L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018). "The jurisdictional facts that support removal must be judged at the time of the removal[,]" such that "if it is facially apparent from the [complaint] that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Here, the Court cannot consider Plaintiff's post-removal attempt to lower the amount in controversy because it was facially apparent from the Complaint [1-1] at the time of remand that the jurisdictional threshold was met. *See* Complaint [1-1] at 3. The Complaint [1-1] alleged that Plaintiff suffered "serious permanent past, present[,] and future physical and mental pain and suffering," "permanent disability[,]" and past, present, and future loss of wages and medical expenses. *Id.* "Courts in this circuit have consistently held that such prayers for damages–namely, those for past and future medical expenses, past and future lost wages, past and future pain and suffering, and past and future disability–are sufficient to

3

infer the jurisdictional amount is satisfied." *Raborn v. Con-Way Truckload, Inc.*, No. CIV.A. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015) (collecting cases); *see also*, *Gebbia*, 233 F.3d at 883 (finding the jurisdictional threshold met where the "[p]laintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement").

In sum, at the time of removal the Complaint [1-1] alleged serious injuries that could exceed $75,000.00. Therefore, Plaintiff's Motion [2] to Remand must be denied.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Robert E. Vahle's Motion [2] to Remand is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 14th day of August, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE